IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERROL WOODBERRY, #A-36205086, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-1437 |
| DEPT OF HOMELAND SECURITY, *et al.*, | § § § | |
| Respondents. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Errol Woodberry, is presently in the custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, in Houston, Texas. In his federal habeas petition, Woodberry challenges a May 5, 2009 removal order entered by an immigration judge. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 1). Woodberry states that the removal order was based on his 1990 conviction for burglary of a building in Dallas County, Texas and his 2001 conviction for robbery by threat in Tarrant County, Texas. Woodberry asserts that because he served nearly ten years in state prison for these convictions, the removal order constitutes a second punishment for his criminal offenses in violation of the Double Jeopardy Clause. (*Id.* at 2). Woodberry claims that he has been a resident of the United States for thirty-two years. He seeks his immediate release from custody.

Under section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), immigration habeas petitions are subject to the following jurisdictional provision:

> (5) Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

See 8 U.S.C. § 1252 note (REAL ID Act § 106(b)).

The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005). Under the REAL ID Act, a district court has no authority to interfere in removal proceedings. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). When a federal habeas corpus petition challenges an order of removal, deportation, or exclusion, a district court "shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed . . . ." 8 U.S.C. § 1252 note (REAL ID Act § 106(c)). This petition is transferred to the Clerk of the United States Court of Appeals for the Fifth Circuit.

SIGNED on July 1, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge